BELL & SON v. BURKE.

On the facts in the record, the court committed no error in overrul-
ing the *certiorari*.                    *Judgment affirmed.*
   August 1, 1892.

Lien. Practice. Before Judge MILLER. Bibb su-
perior court. November term, 1891.

*Certiorari* was taken by Bell & Son to rulings adverse
to them in the city court. On the hearing in the su-
perior court the *certiorari* was dismissed, to which excep-
tion is taken. The facts are as follows:

Bone & Chappell were lessees of property in Bibb
county belonging to D. F. Gunn of Houston county.
He authorized them to have certain improvements built
thereon, and to pay for the same from the rent due for
the premises. They contracted with McDaniel to do
the work, and he bought from Bell & Son the material
used in June, July and August, 1889. They fully com-
plied with their contract in furnishing the material. On
September 17, 1889, as material men they filed and had
recorded their claim of lien on the premises for $159.80

balance due them by McDaniel, and served a copy thereof on Bone & Chappell who owed McDaniel $190.87, and who about three hours previously had been served with a summons of garnishment in the suit of Burke *v.* McDaniel, in the city court. The affidavit for garnishment was made before M. R. Freeman, N. P. and *ex officio* J. P., who also approved the bond. He appeared as attorney at law and of record in the suit in which the garnishment was issued. It does not appear by whom the summons of garnishment was issued. On November 12, 1889, Bell & Son, after demand on McDaniel for payment, and refusal to pay, filed their suit in the city court against McDaniel and Gunn, praying for judgment against them, and for establishment of the lien on the improved premises. They alleged that the lumber for which McDaniel owed them was used by him in improving the premises, the same being the property of Gunn and occupied by Bone & Chappell, who were the agents of Gunn for the purpose of paying McDaniel for the improvements made; and that before settling in full with him, Bone & Chappell and through them Gunn had written notice of the filing of the claim of lien, as provided in the code, §1979. On November 16, 1889, the deputy-sheriff left a copy of this petition with process to Chappell of the firm of Bone & Chappell, according to his entry of service. On December 2, 1889, Bone & Chappell filed their answer to the garnishment of Burke, admitting their indebtedness to McDaniel of $190.78, but alleging that it was due him by them as agents of Gunn, that as such agents they were served in the suit of Bell & Son, and that the $159.80 therein claimed should be allowed them, there being no defence to said suit and the same being a lien of superior dignity to the garnishment. On March 3, 1890, in the suit of Burke *v.* McDaniel, judgment was rendered for the plaintiff for $238, with interest and costs, and execution was issued on

June 2. On May 30, 1890, Burke filed an affidavit in the case of Bell & Son *v.* McDaniel *et al.*, alleging that he was a judgment creditor of McDaniel, and contesting the existence of the lien of Bell & Son, on the ground, among others, that the notice required by law had not been served upon the owner of the premises. On June 2, 1890, he filed a traverse of the answer of the garnishees in so far as it attempted to set up the lien of Bell & Son or any notice of it, and alleging that in consequence of the failure of Bell & Son to serve the notice required by law, no lien or notice of lien existed. Two days afterwards he filed an additional traverse, denying the agency of Bone & Chappell for Gunn, or the existence of the lien, or the service of legal notice. On the same day (June 4, 1890) by consent of all parties in both the cases, the court ordered that Bone & Chappell pay into court $190.87, less $10 as their attorney's fees, "and be discharged, as well as their alleged principal, D. F. Gunn, from all further liability to either of the parties in the above stated two cases." It was further ordered that Burke, Bell & Son and McDaniel "contest with each other for said money as a fund in court to be distributed according to the respective rights, liens and claims asserted by them thereto, and according to their pleadings in said cases, and such other pleadings as the court under rules of law may allow; each party reserving nevertheless all rights of exception to which he may be respectively entitled, neither contestant waiving any of his rights as against any other contestant." It was further consented that the judge should pass on all questions of fact as well as of law, without a jury. This order was signed by the attorneys for Bone & Chappell, by M. R. Freeman, attorney for Burke, and by Jones & Dasher, attorneys for Bell & Son and McDaniel; and Bone & Chappell paid in the money. On June 12, 1890, Burke filed a petition asking that the fund in

court be paid to him on his judgment. On June 27, 1890, it was ordered that the fund be paid over to Bell & Son, which judgment was set aside on *certiorari* sued out by Burke, and the case remanded. As far as shown by the records of the city court, no verdict or judgment had theretofore been rendered in favor of Bell & Son against McDaniel, nor for or against the lien claimed.

On March 27, 1891, the case came on again to be heard in the city court, and the above stated facts appeared. It also appeared that on February 10, 1891, after the remanding of the case, counsel for Bell & Son caused a second original to issue in their case against McDaniel *et al.*, for D. F. Gunn, of Houston county, and that without any order to perfect service, said second original was served on Gunn on February 16, 1891, by the deputy-sheriff of Houston county. It was also in testimony that on January 20, 1891, the counsel for Bell & Son sent through the mail a registered letter to Gunn, containing a notification of the lien claimed by Bell & Son, and a request not to pay or allow to be paid to McDaniel any sum in excess of $159.80. The counsel testified that in due time he received a registry receipt for this letter through the post-office; and he offered in evidence a letter purporting to have come from Gunn, acknowledging receipt of the notice sent to him. This letter was rejected on the objection of Burke, because there was no proof that it was written or signed by Gunn.

Burke demurred to the declaration of Bell & Son, and moved to dismiss it because it did not appear that Gunn had ever been properly served, and because there was no allegation that Gunn had been served with the notice required by law. Bell & Son objected to Burke being allowed to demur or otherwise object to the establishment of their lien against Gunn, or to the evidence offered in their behalf; but this objection was over-

ruled. Whereupon they amended their declaration by alleging that they had served Gunn with written notice as required by law, before he had settled with or paid McDaniel. This amendment was allowed, and the demurrer and motion to dismiss were overruled. Bell & Son objected to the admission in evidence of the garnishment papers or the answer thereto, on the ground that the garnishment, having been issued on an affidavit and bond attested and approved by the attorney for Burke, was void. This objection was overruled. The court rendered judgment in favor of Bell & Son against McDaniel, but found against the lien claimed; and thereupon awarded the fund in court to Burke's judgment as being the older of two liens of equal dignity.

The errors assigned in the petition for *certiorari* are: "in permitting Gunn and Bone & Chappell, who had been discharged" by the consent order before set out, "and who had neither appealed nor *certioraried* from the first judgment," to demur to the declaration of Bell & Son, and to object to their evidence; in holding that a necessary allegation in the declaration was that notice had been given to the owner; in admitting in evidence Burke's garnishment and the answer thereto, and the traverse of the answer; in deciding that the lien of Bell & Son should not be set up and established; and in awarding the fund to Burke instead of to Bell & Son.

Jones & Dasher, by brief, for plaintiffs in error.

M. R. Freeman, by brief, *contra.*